## Case No. 15,131.

### UNITED STATES v. FORREST.

[3 Cranch, C. C. 56.] [1]

Circuit Court, District of Columbia. Dec., 1826.

INDICTMENT — EMBEZZLEMENT — CERTAINTY — CHARGING IN WORDS OF STATUTE — CHECK — DISTRICT OF COLUMBIA.

1. An indictment under the sixteenth section of the act of congress of March 3, 1825 [4 Stat. 118], "more effectually to provide for the punishment of certain crimes against the United States, and for other purposes," must state that the defendant was employed in the bank, or an office of discount and deposit. &c., in some state or territory of the United States.

2. The certainty required in an indictment is certainty to a certain intent; certainty to a common intent is not sufficient. Nothing material can be taken by intendment. From the averment, that the defendant was a bookkeeper in the office of discount and deposit, the court, upon demurrer to the indictment, cannot infer that he was a clerk or servant employed in such office.

3. A count upon the same section, for embezzlement, must aver that the thing embezzled

[1] [Reported by Hon. William Cranch, Chief Judge.]

came to his hands, or possession, by virtue of his employment. It is not sufficient to state that it came to his hands "as bookkeeper," or "in virtue of his office as bookkeeper," or "while he acted as bookkeeper." It must appear that he had authority from the bank to have it in his custody or possession, at the time of embezzlement.

4. It is not necessary that the thing embezzled should be the property of the Bank of the United States; nor is it necessary to aver it to be the property of any particular person; but it must be averred to have been fraudulently embezzled. "Feloniously" will not supply the place of "fraudulently." The offence must be charged in the words of the act.

[Cited in Holt v. State, 86 Ala. 599, 5 South. 794.]

5. A check is not, by name, made the subject of embezzlement; and quære whether, if it be a paid or cancelled check, it can be included in the description, "other valuable security or effects."

6. Quære, whether the District of Columbia was a territory within the meaning of the act.

Indictment under the sixteenth section of the act of congress of March 3, 1825, c. 65 (Pamph. p. 65; 4 Stat. 118), "more effectually to provide for the punishment of certain crimes, against the United States, and for other purposes," for embezzling a check for $135.

The sixteenth section is as follows: "That if any person, who shall be employed as president, cashier, clerk, or servant, in the Bank of the United States, created and established by an act entitled," &c., passed on the 10th day of April, 1816, or in any office of discount and deposit established by the directors of the said bank in any state or territory of the United States, shall feloniously steal, take, and carry away any money, goods, bond, bill, bank-note, or other note, check, draft, treasury-note, or other valuable security or effects belonging to the said bank, or deposited in said bank, "or if any person, so employed as president, cashier, clerk, or servant, shall fraudulently embezzle, secrete, or make way with any money, goods, bond, bill, bank-note, or other note, draft, treasury-note, or other valuable security or effects, which he shall have received, or which shall come to his possession or custody, by virtue of such employment; every person so offending shall be deemed guilty of felony, and shall, on conviction thereof, be punished by fine not exceeding five thousand dollars, and by imprisonment and confinement to hard labor not exceeding ten years, according to the aggravation of the offence."

The indictment contained fifteen counts, to which there was a general demurrer. The attorney for United States (Mr. Swann) abandoned the counts numbered 1, 3, 9, 10, 11, 12, 13, 14, and 15. The second count charges that the defendant, [Charles W. Forrest,] "on the 7th of April, 1825, (he the said Charles being then a bookkeeper in the said office of discount and deposit,) with force and arms at the county aforesaid, feloniously did embezzle and make way with

the sum of $135 of the money of the president, directors, and company of the Bank of the United States, which came to the hands of him the said Charles, in the office of discount and deposit aforesaid, and while he acted as bookkeeper aforesaid, against the form and effect of the statute in that case made and provided," &c. The fourth count charges "that the said Charles, on the 7th day of April, 1825, he being then a bookkeeper in the said office of discount and deposit, with force and arms at the county aforesaid, and in the office aforesaid, did fraudulently and feloniously secrete a certain check of one George McDaniel, upon said office of discount and deposit, for the sum of $135, which had been paid by the said office, and had become the property of the president, directors, and company of the Bank of the United States; and had come to the hands and possession of the said Charles in virtue of his said office as bookkeeper aforesaid, against the form of the statute," &c. The fifth count charges "that the said Charles, on the 4th of May, 1825, he then being a bookkeeper in the said office of discount and deposit, with force and arms at the county aforesaid, did feloniously embezzle and make way with the sum of $100 of the money of the president, directors, and company of the Bank of the United States, which came to the hands and possession of him the said Charles in the office of discount and deposit, while he acted as bookkeeper as aforesaid, and in virtue of his office aforesaid, against the form of the statute," &c. The sixth count charges "that on the 3d of October, 1825, he being then a bookkeeper in the said office of discount and deposit, with force and arms at the county aforesaid, and in the office aforesaid, did feloniously embezzle and make way with the sum of $250 of the money of the president, directors, and company of the Bank of the United States, which came to his hands and possession in the office of discount and deposit, while he acted as bookkeeper as aforesaid, and in virtue of his office aforesaid, against the form of the statute," &c. The seventh count charges "that he, being a bookkeeper," &c., did "fraudulently and feloniously secrete a certain check for $100, drawn by Lewis Edwards upon the said office, which said check had become the property of the said president, directors, and company of the Bank of the United States, and had come to the hands and possession of the said Charles as bookkeeper aforesaid, against the form of the statute," &c. The eighth count charges "that on the 3d of October, 1825, he being then a bookkeeper in the said office of discount and deposit, with force and arms at the county aforesaid, did fraudulently and feloniously secrete a certain check for $250, drawn by one Lewis Edwards on the said office of discount and deposit, and which said check had been paid by the said office,

and had become the property of the said Bank of the United States, and had come into the hands and possession of the said Charles as bookkeeper aforesaid, against the form of the statute," &c.

Jones & Key, for defendant, objected to the second count, that it does not charge that the defendant fraudulently embezzled the money, nor that he was employed by the bank, nor that he received the money by virtue of such employment, nor that he was "president, cashier, clerk, or servant" of the bank, nor that the money was the property of the bank. To the fourth count, that it states that the check had been paid by the bank, and was, therefore, not a valuable security. That it does not state that the defendant had been employed by the bank, nor that he had received the check by virtue of such employment, &c. That it does not specify the date of the check. They took the like exceptions to the fifth, sixth, seventh, and eighth counts, and cited 2 Hawk. P. C. bk. 2, c. 25, §§ 71, 110; 3 Chit. Cr. Law, 936, 980, 986; Rex v. McGregor, 3 Bos. & P. 106.

Swann & Lear, contra, cited 1 Chit. Cr. Law, 168, 173, in the notes; 2 Hawk. P. C. 320; 3 Chit. Cr. Law, 979, 985, 1185.

CRANCH, Chief Judge. The persons liable to be prosecuted under the sixteenth section of the act of congress of March 3, 1825, c. 65 (4 Stat. 118), are persons employed as president, cashier, clerk, or servant, in the Bank of the United States, or in any office of discount and deposit established by the directors of the said bank in any state or territory of the United States. The offences under that section are: (1) Feloniously to steal, take, and carry away any money, goods, bond, bill, bank-note, or other note, check, draft, treasury note, or other valuable security or effects belonging to the said bank, or deposited therein; (2) fraudulently to embezzle, secrete, or make way with any money, goods, &c., (as above stated, but omitting the word "check,") "which he shall have received, or which shall come to his possession or custody, by virtue of such employment." None of the counts states that the defendant was employed either as president, cashier, clerk, or servant in the Bank of the United States, or in any of its offices of discount and deposit. The averment in each of them is, "being then a bookkeeper in the said office of discount and deposit." The word "employed" is not in any one of the counts. It is a very important word in the sixteenth section of the act; for it is the only word which connects the person with the bank as its officer, and designates his appointment and trust. A person may be a bookkeeper in an office of discount and deposit, and yet not be an officer appointed by the bank or by the office. The intention of this section of the act is clearly to punish frauds in the officers of the bank duly appointed and employed by the bank. Perhaps it might be sufficiently certain to a common intent to say that a bookkeeper, in an office of discount and deposit, means a clerk or servant employed in an office of discount and deposit. But certainty to a common intent is not sufficient in an indictment. It must be certainty to a certain intent. Rutland's Case, 8 Coke, 57a; Co. Litt. 303a; Long's Case, 5 Coke, 21a; Colthirst v. Bejushin, Plow. 26–35; Rex v. Stevens, 5 East, 257; Rex v. Mayor, etc., of Lyme Regis, 1 Doug. 158; 1 Chit. Pl. 235, 240; 2 Hawk. P. C. c. 25, § 60; Rex v. Airey, 2 East, 33–35; Com Dig. "Pleader," C, 24; 1 Chit. Pl. 255, 308, 513, 514, 516–518. Everything material must be positively alleged. Nothing material can be taken by intendment. Non constat by the indictment that a bookkeeper "in" an office of discount and deposit is a clerk or servant employed in such office. None of the counts avers that the things secreted or embezzled came to his hands or possession by virtue of his employment. Here the word employment means his authority from the bank. The thing embezzled must have come to his possession or custody by virtue of his authority from the bank, or he cannot be convicted under this statute. To say that it came to his hands while he acted as bookkeeper, as in the second and fifth counts, without showing that he so acted under an employment by the bank; or to say that it came to his hands in virtue of his office as bookkeeper, as in the fourth and sixth counts; or that it came to his hands as bookkeeper, as in the seventh and eighth counts, without showing that he was employed by the bank, that is, was authorized by the bank to act as bookkeeper, is not a sufficient allegation that it came "to his possession or custody by virtue of such employment." For these reasons we are of opinion that all the counts are bad.

There is another objection which goes to the whole indictment; but as we think the others sufficient and this doubtful, we shall give no opinion upon it. We mean the objection, that the office of discount and deposit at Washington is not established in any state or territory of the United States.

There are other objections also to particular counts. As to those which charge the defendant with embezzlement of money, it is objected that the money is not averred to be the property of the Bank of the United States; and although it is not necessary to constitute the offence of embezzlement under the second branch of the sixteenth section, that the things embezzled should be the property of the Bank of the United States, yet it is said that it must be averred to be the property of some person. This objection we do not think sufficient.

It is also objected that those counts do not aver that the defendant fraudulently em-

bezzled. &c. This objection we take to be good; for it is a part of the description of the offence that it should be done fraudulently; and no allegation that it was done feloniously can supply the place of the word fraudulently; for it was not feloniously unless it were fraudulently done. 2 Hawk. P. C. bk. 2, c. 25, § 110. This objection applies to the second, fifth, and sixth counts.

To the fourth, seventh, and eighth counts, it is objected that it is not averred, that the check was a valuable security, or a draft; and a check, as such, is not within the words of the section upon which this indictment purports to be framed. A check, ex vi termini, is not, ex necessitate, a draft or a valuable security, especially after it has been paid by the party on whom it was drawn, and cancelled The offence must be charged in the words of the act. I think this also a valid objection. The majority of the judges, however, upon this last point, are of a different opinion.

THRUSTON, Circuit Judge, argued against the opinion of the court, upon the other points also, but concluded that he would not dissent.

Judgment for the defendant on the demurrer.